LAMAR, Justice,
for the court:
¶1. Michael Gardner was tried and convicted of possession of more than thirty grams but less than one kilogram of marijuana, with intent to distribute. The trial judge sentenced him to ten years, day for day, as an enhanced habitual offender.[1] Gardner appeals, arguing that “a penalty for [his] convicted offense no longer appeared” in the relevant drug statutes when he was sentenced. We disagree and affirm the judgment of the Harrison County Circuit Court.
FACTS AND PROCEDURAL HISTORY
¶ 2. Deputies from the Harrison County Sheriffs Department arrested Michael Gardner and charged him with possession of - marijuana with intent to distribute. Gardner subsequently was' indicted for that offense: “Michael Deark Gardner ... on or about October 5, 2012 did knowingly, wilfully, unlawfully and feloniously possess more than 30 grams but less than one kilogram of marijuana, a Schedule I controlled substance, with the intent to transfer or distribute the said, controlled substance....”
¶ 3; Prior to trial, the State moved twice to amend Gardner’s indictment. The State first moved that the indictment be amended to reflect that Gardner was a habitual offender under Mississippi Code Section 99-19-81,[2] and it then moved that the' indictment be amended to reflect that Gardner was a subsequent drug offender under ' Mississippi Code Section 41-29-147.[3] The trial judge 'granted both mo *716 tions, and Gardner does not challenge either of the amendments on appeal.
¶ 4. Gardner went to trial on August 27, 2014, the jury returned a guilty verdict that day, and the trial judge sentenced Gardner to serve ten years, day for day. Gardner filed two post-trial motions: a motion for acquittal notwithstanding the verdict or, in the alternative, for a new trial; and a motion to vacate sentence. Gardner argued that his “alleged crime and its corresponding sentence [were] no longer codified,” and that “any enhancement pursuant to § 41-29-147 [was] improper as there is no longer a sentence provided at law by § 41-29-139 for [his] indicted offense, and therefore, no sentence to enhance.”
¶ 5. The trial judge held a hearing on Gardner’s motions, and he entered an order the next day denying the motions. Gardner now appeals to this Court and presents one issue, which we recite verbatim:
On August [27], 2014, the appellant was sentenced to serve 10 years as an enhanced, habitual offender subsequent to his conviction at trial for possession with intent of more than 30 grams of marijuana, but less than, 1 kilogram of marijuana, pursuant to M.C.A § 41-29-139. However, when H.B. 585 was passed on July 1, 2014, a penalty for the appellant’s indicted/convicted offense no longer appeared in said statute. Appellant’s sentence must be vacated.![4]]
ANALYSIS
¶ 6. The interpretation of a statute presents a question of law, which this Court must review de novo. Coleman v. State, 947 So.2d 878, 880 (Miss.2006).
¶ 7. Section 41-29-139(a)(l) of the Mississippi Code defines the crime for which Gardner was indicted and convicted here: “Except as authorized by this article, it is unlawful for any person knowingly or intentionally: To sell, barter, transfer, manufacture, distribute, dispense or possess with intent to sell, barter, transfer, manufacture, distribute or dispense, a controlled substance.” Miss.Code Ann. § 41-29-139(a)(1) (Rev.2013). The Legislature did not change this language in the 2014 amendments. So, to the extent that Gardner is arguing that his crime is no longer codified, that is easily dismissed, as this language remained the same during Gardner’s arrest, indictment, conviction, and sentence.
¶ 8. But the penalties for this crime have changed. Prior to July 1, 2014, the Mississippi Code provided for two separate sentences for offenders convicted of possession with intent to distribute the amount of drugs at issue here (more than 30 grams but less than 1 kilogram). At that time, a subsequent drug offender could have been sentenced to up to thirty years in prison:
(b) Except as otherwise provided in subsections (f) and (g) of this section or in *717 Section 41-29-142, any person who violates subsection (a) of this section shall be sentenced as follows:
(1) In the case of controlled substances classified in Schedule I or II, as set out in Sections 11-29-113 and ¿1-29-115, except thirty (30) grams or less of marihuana or synthetic cannabinoids, and except a first offender as defined in Section 41-29-149(e) who violates subsection (a) of this section with respect to less than one (1) kilogram but more than thirty (30) grams of marihuana of synthetic cannabinoids, such person may, upon conviction, be imprisoned for not more than thirty (30) years and shall be fined not less than Five Thousand Dollars ($5,000) nor more than One Million Dollars ($1,000,000), or both.
Miss.Code Ann. § 41-29-139(b)(l) (Rev. 2013) (emphasis added).
¶ 9. And a first-time offender ' could have been sentenced to up to twenty years in prison:
(2) In the case of a first offender who violates subsection (a) of this section with an amount less than one (1) kilogram but more than thirty (30) grams of marihuana or synthetic cannabinoids as classified in Schedule I, as set out in Section 41-29-113, such person is guilty of a felony and, upon conviction, may be imprisoned for not more than twenty (20) years or fined not more than' Thirty Thousand Dollars ($30,000), or both.
Miss.Code Ann. § 41-29-139(b)(2) (Rev. 2013) (emphasis added).
¶ 10. The Legislature substantially amended these penalty sections in 2014, and the amendments took effect on July 1, 2014. Section 41 — 29—139(b) now states, in pertinent part:
(b) Except as otherwise provided in Section 41-29-142, any person who violates subsection (a) of this section in the following amounts shall be, if convicted, sentenced as follows: .
(2) In the case of a first offender who violates subsection (a) of this section with an amount less .than one (1) kilogram but more than thirty (30) grams of marijuana or synthetic cannabinoids as classified in Schedule I, as set out in Section 41-29-113, such person is guilty of a felony and, upon conviction, may be imprisoned for not more than five (5) years or fined not more than- Thirty Thousand Dollars ($30,000.00), or both;
Miss.Code Ann. § 41-29-139(b)(2) (Supp. 2014).
¶ 11. Gardner argues — and. he is correct — that Section 41-29-139(b), as amended, no longer contains a penalty for a subsequent offender who possesses more than thirty grams but less than one kilogram of marijuana with intent to distribute. As such, Gardner argues that “there is no sentence available at law to sentence [him] under as the sentencing provision for non-first time offenders who possessed more than thirty (30) grams but less than one (1) kilogram of marijuana in violation of § 41-29-139(a) was omitted by the legislature in H.B. 585,” and that his sentence should therefore be vacated. ;
¶ 12. We disagree. The enhancement statute — which was left unchanged by the amendments — provides that a subsequent offender may be imprisoned for up to twice what is “otherwise authorized.” See Miss.Code Ann. § 41-29-147 (Rev.2013). And what is “otherwise authorized” refers to what Gardner would have received for the amount of drugs at issue here if he was a first-time offender; which is up to five years. See Miss.Code Ann. § 41-29-139(b)(2) (Supp.2014).
¶ 13. Gardner also argues that “the State could not enhance [his] sentence under § 41-29-147 [i.e., double it] as the current law provides no penalty for offend *718 ers convicted of possession with intent [of] more than thirty (30) grams- but less than one'(l) kilogram of marijuana wrafess 'they are first offenders_ Hence, there is no penalty available’ for the State to enhance pursuant to § 41-29-147.” Said differently, Gardner would have this Court interpret the enhancement statute to mean that a subsequent offender would receive twice the penalty for that “otherwise authorized” for a subsequent offenders, penalty classification that no longer exists in the statute following the 2014 amendments. ■
¶ 14. After careful review, we reject the interpretation of the enhancement statute advanced by Gardner. Prior to the 2014 amendments, a Subsequent offender potentially could get sixty years for the' crime of which Gardner is convicted here — the judge could sentence him to up to thirty years for possessing with intent this amount of drugs, and the State could seek to- double that penalty via the enhancement statute, 'Section 41-29-147. Now, as applied by the trial judge in this case, the term “otherwise authorized” is the penalty otherwise authorized for the amount of drugs at issue — heve, that is up to five years, as codified by Section 41-29-139(b)(2). In our view, that is the éorreet interpretation. :
¶ 16. In short, we find that the trial judge did not err when he sentenced Gardner to serve ten years, day for day. Gardner was sentenced as both a'subsequent drug offender and a habitual offender. 'Under Sectionr41-29-139(b)(2), a first-time offender may be imprisoned for up' to five years. Beeaiise Gardner was a' subsequent drug offender, the trial judge was allowed to sentence hitó to a term up to “twice that otherwise authorized.” And as Gardner also was a habitual offender, the trial judge was required to sentence him to the maximum punishment- available, to be served day for day. So Gardner’s ten-year, day-for-day sentence was not unlawful.
CONCLUSION
¶ 16. The trial judge’s decision to sentence Gardner to ten years, day-for-day, was-lawful under the subsequent-offender statute and the habitual-offender statute, and we therefore affirm the judgment of the Harrison County Circuit Court.
¶ 17. CONVICTION OF POSSESSION OF MARIJUANA WITH INTENT TO DISTRIBUTE AND SENTENCE OF TEN (10) YEARS TO BE SERVED DAY FOR DAY, AS A HABITUAL OFFENDER, IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS, AFFIRMED. APPELLANT SHALL NOT BE ELIGIBLE FOR PAROLE OR PROBATION.
WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., CHANDLER, PIERCE AND COLEMAN, JJ., CONCUR. KITCHENS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, J.

. Gardner had boon convicted twice before Of the felonious transfer of a controlled substance, both under cause number B2401-2005-506 in Harrison County.

. "Every person convicted in this state of a felony who shall have b,een convicted twice previously óf any felony or féderal crime upon charges separately brought and arising out of separate incidents at different times and who shall have been sentenced to separate terms of one (1) year or more in any state and/or federal penad institution, whether in this state or elsewhere, shall be sentenced to the maximum term of imprisonment- prescribed for such felony, and such sentence shall not be reduced or suspended nor shall such person be eligible for parole or probation." Miss.Code Ann. § 99-19-81 (Rev,2007). '

."Except as otherwise provided in Section 41-29-142, any person convicted of a second or subsequent offense under this article may be imprisoned for a term up to twice the term *716 otherwise authorized, fined an amount up to twice that otherwise authorized, or both. For purposes of this section, an offense is considered a second or subsequent offense, if, prior to his conviction of the offense, the offender has at any time been convicted under this article or under any statute of the United States or of any state relating to narcotic drugs, marihuana, depressant, stimulant or hallucinogenic drugs.” Miss.Code Ann. § 41-29-147 (Rev.2013).

. Gardner does not ask this Court to reverse his conviction. Rather, he asks this Court to enter an "Order/Opinion that directs that [he] be immediately remanded to the Circuit Court of Harrison County for re-sentencing in conformity with the statute — i.e., finding [him] guilty of the offense charged in the Indictment, with no sentence reflected in said Order as there is no sentence that can be imposed for the charged offense.”